IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  No. 3:09 CR-002GHD-SAA-2

BOBBY B. DELAUGHTER                                                                  Defendant

## OPINION DENYING DEFENDANT'S MOTION FOR PRETRIAL HEARING CONCERNING CO-CONSPIRATORS' STATEMENTS

Presently before the Court is Defendant Bobby B. DeLaughter's motion for pretrial hearing concerning co-conspirators' statements. After reviewing the motion, responses, rules, and authorities, the Court makes the following findings:

The motion should be denied insofar as it seeks a separate James hearing outside the presence of the jury prior to trial to determine whether statements by co-conspirators are admissible. In United States v. James, the Fifth Circuit held that co-conspirator statements are admissible only if the prosecution proves, by a preponderance of the evidence, "(1) that a conspiracy existed (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy, and (3) that the statements were made during the course and furtherance of the conspiracy." 590 F.2d 575, 582 (5th Cir. 1979) (en banc), cert. denied, 442 U.S. 917, 99 S. Ct. 2836, 61 L. Ed. 2d 283 (1979) (citing FED. R. EVID. 801(D)(2)(E)).

As to the procedure for deciding the admissibility of co-conspirator statements, the Fifth Circuit has made it clear that a pretrial hearing on this matter is not required. *See* United States v. West, 58 F.3d 133, 142 (5th Cir. 1995) (no hearing is required; district court may admit statements before determining whether testimony fit within Rule 801(d)(2)(E)); *see also* United States v. Fragoso, 978 F. 2d 896, 899 (5th Cir. 1992), cert. denied, 507 U.S. 1012, 113 S. Ct. 1664, 123 L. Ed. 2d 282 ("James has never required a hearing outside the presence of the jury."). Rather, Courts may

carry James motions "through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." Fragoso, 978 F.2d at 900 (citing United States v. Lechuga, 888 F.2d 1472, 1479 (5th Cir. 1989)).

After James, the Fifth Circuit repeatedly has upheld approaches less arduous than a pretrial hearing to determine the admissibility of statements under Federal Rule of Evidence 801(d)(2)(E). Specifically, in United States v. Gonzalez-Balderas, the court found that for purposes of practicality, the district court could conditionally admit co-conspirator statements at trial subject to a subsequent determination as to whether the government has established the requisite Rule 801(d)(2)(E) predicates. 11 F. 3d 1218, 1224 (5th Cir. 1994). Similarly, in United States v. Fragoso, the court approved the deferral of a James ruling until the close of the government's case. 978 F. 2d at 899-900.

Defendant submits that this case presents an exceptional circumstance where such a hearing will not only result in greater judicial efficiency, but also avoid potential prejudice to DeLaughter. According to the Defendant, without a hearing, this Court will be left solely with the Government's representations that its evidence will sufficiently connect DeLaughter to the alleged co-conspirators, which may lead to endless sidebars, considerable confusion, and the possibility of a mistrial. DeLaughter continues that a mistrial would economically prejudice him to effectively deny him his Six Amendment right to counsel of his choosing.

The Court is unpersuaded and concludes that the holding of a pretrial hearing of the type Defendant requests could very well require the Court to hear much of the trial evidence twice. Moreover, the Court finds that holding what would amount to two trials in this case would be unnecessary, wasteful, and exactly what the Defendant contends he seeks to avoid.

In the case sub judice, the Court will carry the issue of the admissibility of co-conspirators' statements with the case until the conclusion of the government's evidence in its case-in-chief. At the conclusion of the government's case, the Court will make appropriate rulings pursuant to Federal Rules of Evidence 801(d)(2)(E) and applicable case law. *See* <u>Bourjaily v. United States</u>, 483 U.S. 171, 176, 107 S. Ct. 2775, 47 L. Ed. 2d 144 (1987); *see also* 5 J. Weinstein & M. Berger, <u>Weinstein's Federal Evidence</u>, § 801.34[6][c] (2d ed. 2009). Accordingly, Defendant's motion for pre-trial hearing concerning the admissibility of co-conspirators' statements is DENIED.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of May, 2009.

_____
SENIOR JUDGE