UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  No. 3:09-CR-002GHD-SAA-2

BOBBY B. DELAUGHTER  Defendant

## OPINION DENYING MOTION TO DISMISS COUNT ONE FOR FAILURE TO CHARGE AN OFFENSE

Presently before the Court is Defendant Bobby B. DeLaughter's motion to dismiss count one for failure to charge an offense. After reviewing the motion, responses, rules and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Count One of the Indictment alleges Defendant Bobby DeLaughter (hereinafter, "DeLaughter") did "knowingly and willfully" conspire with Richard F. "Dickie" Scruggs, Joseph C. Langston, Timothy R. Balducci, Steven A. Patterson, Ed Peters, and unnamed others to "accept and agree to accept for himself and others, anything of value with the intent" that he "would be corruptly influenced and rewarded in connection with his handling of the Wilson case" in violation of 18 U.S.C.A. § 666.

*B. Motion to Dismiss Standards*

A motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, therefore the Court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004) (*quoting* United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998)). Federal Rules of Criminal Procedure 7(c)(1) requires that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

*See* F.R.C.P. 7(c)(1). "'It is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.'" Kay, 359 F.3d at 742 (*quoting* United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970)).

### C. Discussion

Count One charges an 18 U.S.C.A. § 371 conspiracy to violate 18 U.S.C.A. § 666. Section 666 reads in pertinent part:

> Whoever . . . being an agent . . . of a state . . . or any agency thereof . . . corruptly accepts or agrees to accept, anything of value from any person, intending to be influenced . . . in connection with any business . . . of such . . . government or agency involving anything of value of $5,000 or more (is guilty of violating this section.)

18 U.S.C.A. § 666.

Defendant's motion centers around the argument that the indictment fails to charge an offense in violation of Section 666 in that it omits the required exchange of an official action for a "thing of value." Defendant contends that "consideration" for a federal judgeship alone lacks value in that any qualified attorney could receive consideration for free. In addition, DeLaughter argues that since he was never appointed to the federal bench, he did not receive anything of value as required by the statute.

The Government responds that DeLaughter did in fact agree to accept a thing of value (consideration for a federal judgeship), and that the fact that DeLaughter's appointment never came to fruition has no bearing on his agreement to accept consideration.

In U.S. v. Marmolejo, the Fifth Circuit in finding that conjugal visits were a thing of value stated "the term 'anything of value' in § 666(a)(1)(B) is broad in scope and ... includes intangible items." 89 F.3d 1185, 1191 (5th Cir. 1996); *See also* United States v. Mongelli, 794 F.Supp. 529, 531 (S.D.N.Y. 1992)). The Second Circuit addressed the issue of "anything of

2

value" when it found that even though stock received as a bribe had no commercial value, the Senator had subjectively assigned a value to it with an "expectation of gain" and therefore, the stock was a thing of value. *See* United States v. Williams, 705 F.2d 603, 623 (2d Cir. 1983). The Court is of the opinion that the Indictment in the present case sufficiently alleges that a federal judgeship or the consideration for appointment is a thing of value.

In the case sub judice, the movant attacks the sufficiency of the government's evidence in averring that consideration for the appointment to a federal judgeship is not a "thing of value". This Court is of the opinion that the government is entitled to put on its proof at trial. There is no provision for summary judgment in a federal criminal case. The proper course is to allow the government to present its evidence at trial. This Court will not invade the providence of the ultimate trier of fact. *See* U.S. v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004); U.S. v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996); US v. Mandigo, 2008 Westlaw 2358872 (W.D. LA 2008).

DeLaughter submits that "the evidence will show" he wrote letters to Senator Lott and Senator Cochran expressing a desire to be considered for the appointment prior to Senator Lott's telephone call. Moreover, DeLaughter further contends the "evidence will show" that the "'consideration of appointment" had no 'value.'" However, whether DeLaughter did in fact write the letters is an evidentiary matter which goes beyond the scope of this motion and is beyond the appropriate ambit of a Rule 12(b)(3) Motion to Dismiss. Evidence is not presently before the Court, and therefore, the Court elects to avoid making ultimate factual findings.

DeLaughter's motion to dismiss is more akin to a Rule 29(a) Motion for a Judgment of Acquittal which is properly made "after the government closes its evidence or after the close of all the evidence." *See* F.R.C.P. 29(a).

3

## E. CONCLUSION

In sum, the Court finds that Count One of the Indictment sufficiently alleges that DeLaughter agreed to accept a "thing of value" and that a federal judgeship appointment or consideration for appointment could be found to be a "thing of value." Defendant's motion to dismiss count one shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of May, 2009.

/s/ Glen H. Davidson
Senior Judge