UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                          No. 3:09-CR-002GHD-SAA-2

BOBBY B. DELAUGHTER                                         Defendant

OPINION DENYING MOTION TO DISMISS COUNTS TWO, THREE, AND FOUR
FOR FAILURE TO CHARGE AN OFFENSE

Presently before the Court is Defendant Bobby B. DeLaughter's Motion to Dismiss Counts Two, Three, and Four for Failure to Charge an Offense. After reviewing the motion, responses, rules and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Counts Two, Three, and Four of the Indictment charge Defendant Bobby DeLaughter (hereinafter, "DeLaughter") with honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346. Said counts allege DeLaughter, as a public officer and duly elected official serving the State of Mississippi in the capacity of circuit court judge for Hinds County, Mississippi, with having violated his oath, the Code of Judicial Conduct, and the statutes of the State of Mississippi while the presiding judge assigned to the case of <u>Wilson v. Scruggs</u>.

Count Two specifically alleges that DeLaughter, aided and abetted by Richard F. "Dickie" Scruggs, Joseph C. Langston, Timothy R. Balducci, Steven A. Patterson, and Ed Peters, "devised and executed and intended to devise and execute a scheme and artifice to defraud the plaintiff in... <u>Wilson v. Scruggs</u>, thereby depriving the plaintiff and the citizens of the State of Mississippi of their intangible right to the honest services of Circuit Judge Bobby B. DeLaughter,

who as circuit court judge had a duty to perform impartially, without affording either side an unfair advantage or secret access to the court."

Counts Three and Four allege that DeLaughter, for the purpose of carrying out the above scheme and artifice to defraud, "knowingly caused to be deposited in a post office or other authorized depository for mail to be delivered by the Postal Service . . . Circuit Judge BOBBY B. DELAUGHTER's 'Memorandum Opinion and Order Adopting in Part and Rejecting in Part Special Master's Report and Recommendation of January 9, 2006' . . . [and] DELAUGHTER's 'Order Quantifying Moneys Due Plaintiffs from Defendants' in the Hinds County Circuit case of Wilson v. Scruggs . . . ."

DeLaughter submits that these counts must be dismissed as (1) the counts fail to allege state law violations, (2) the counts fail to allege either bribery or material nondisclosure, (3) the mailings were required by state law, and (4) if constructed to apply to the conduct alleged then must be held void for vagueness as applied.

### B. Motion to Dismiss Standards

Federal Rule of Criminal Procedure 7(c)(1) requires that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged" and "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." See F.R.C.P. 7(c)(1).

A motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment; therefore, the Court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004) (*quoting* United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998)).

2

## C. Discussion

Counts Two, Three, and Four of the Indictment charge DeLaughter with honest services mail fraud in violation of 18 U.S.C.A. §§ 1341 and 1346. Title 18, United States Code, Section 1341 states in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, ...for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be [guilty of violating this statute].

18 U.S.C.A. §§ 1341.

Title 18, United States Code, Section 1346 states:

> For the purpose of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

18 U.S.C.A. §§ 1346.

DeLaughter, in the introduction to his motion, diminishes the charges against him. According to DeLaughter, the Government seeks through this prosecution to turn a judge's ex parte communications into a federal crime, and if what DeLaughter allegedly did is a federal crime, then any judge who receives ex parte communication from an attorney in case before him and then receives an endorsement from that attorney subjects himself to federal prosecution. The Indictment, however, alleges much more than a simple ex parte communication. In fact, it alleges that DeLaughter afforded the Scruggs' legal team secret access to the court, along with

the court's proposed opinions, and therefore, received an unfair advantage in the <u>Wilson v. Scruggs</u> litigation.

## I. *State Law Violation Requirement*

The Fifth Circuit requires that for the underlying conduct to be sufficient for prosecution under Sections 1341 & 1346, the conduct must also violate state law. <u>United States v. Brumley</u>, 116 F.3d 728 (5th Cir. 1997). Paragraph 3 of the Indictment states, "[u]nder the Constitution and laws of the State of Mississippi and pursuant to the Code of Judicial Conduct and under his oath, BOBBY B. DELAUGHTER owed a duty of fair and honest services to the people of the State of Mississippi."

At all times, DeLaughter knew his alleged conduct of providing a party to a lawsuit secret access to the court and engaging in ex parte communications were, at the very least, a violation of Canons 1 and 2 of the Mississippi Code of Judicial Conduct, which require DeLaughter, as a circuit judge, maintain the independence of the judiciary and avoid impropriety or the appearance thereof.

Moreover, as a circuit judge, DeLaughter had a statutory and Constitutional responsibility of upholding the laws of the State of Mississippi, DeLaughter should have known that the alleged conduct would also violate Mississippi Code Annotated Section 97-11-53, which makes is a felony under state law for a public official to offer or agree to receive any intangible thing of value[1] as an incentive for an official act. *See* M.C.A. 97-11-53. As required by the Fifth Circuit in <u>Brumley</u>, the Indictment sufficiently alleges that DeLaughter's conduct breached his duty owed under state law. *See* <u>Brumley</u>, 116 F.3d at 734.

---

[1] The Court previously addressed the issue of "thing of value" in its Opinion Denying Defendant's Motion to Dismiss Count One.

4

An indictment is required to provide the statute, rule, regulation, or other provision of law the defendant is alleged to have violated. *See* F.R.C.P. 7(c)(1). However, "unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information." *See* F.R.C.P. 7(c)(3). The United States Supreme Court has ruled that "[i]t is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it." Williams v. United States, 168 U.S. 382, 389, 18 S. Ct. 92, 42 L. Ed. 509 (1897). Further, the note to subdivision 7(c)(3) states, "[t]he provision of the rule, in view of the many statutes and regulations, is for the benefit of the defendant and is not intended to cause dismissal of the indictment, but simply to provide a means by which he can be properly informed without danger to the prosecution." *See* F.R.C.P. 7, Note to Subdivision (c)(3).

DeLaughter accurately acknowledges that this Court has the power to determine whether the conduct charged in the Indictment amounts to an offense under Mississippi law. The Fifth Circuit has found that the state-law source of the right to honest services need not be specifically alleged in the indictment, as long as the Government "prove[s] that the defendant deprived the employer of such services." U.S. v. Caldwell, 302 F.3d 399, 409 (5th Cir. 2002) (*citing* Brumley, 116 F.3d at 734).

In accordance with case law and Federal Rule of Criminal Procedure 7(c)(3), the Court finds that the Indictment sufficiently alleges a state law violation under which prosecution pursuant to Sections 1341 and 1346 may be sustained.

5

## II. Allegations of Bribery or Non-disclosure

DeLaughter further contends that the Indictment fails to allege he was bribed. The Fifth Circuit found "although we recognized [in Brumley] that bribery and self-dealing are the paradigmatic cases of honest-services fraud, . . . 'honest services fraud' contemplates that in rendering some particular service or services, the defendant was conscious of the fact that his actions were something less than in the best interests of the employer-or that he consciously contemplated or intended such actions. For example, something close to bribery." United States v. Brown, 459 F.3d 509, 521 (5th Cir. 2006) (quoting Brumley, 116 F.3d at 734). The Fifth Circuit continued, "in typical bribery and self-dealing cases, there is usually no question that the defendant understood the benefit to him resulting from his misconduct to be at odds with the employer's expectations." Brown, 459 F.3d at 522.

The Court finds that the Indictment sufficiently alleges conduct of bribery or that is "something close to bribery" in accordance with Fifth Circuit case law.

The second prong of DeLaughter's argument is that the Indictment fails to allege material non-disclosure. DeLaughter asserts that the counts fail to allege he knew his "discretionary actions" would have any direct financial benefit to him or that he "'concealed' such a financial interest in violation of a state criminal law." Having found the Indictment sufficiently alleges conduct of bribery, the Court is not required to find a material non-disclosure. However, the Indictment does allege DeLaughter had improper ex parte communications and afforded the Scruggs' legal team secret access to the court, in which the plaintiff in Wilson v. Scruggs was unaware. The Court, therefore, finds this allegation is adequate to allege material non-disclosure.

6

### III. Sufficiency of Mailings

DeLaughter next attacks the sufficiency of the three mailings claiming that said mailings were required by law to be mailed. DeLaughter relies on the Fifth Circuit's opinion in United States v. Curry, that held required mailings, "which are not themselves false and fraudulent, cannot be regarded as mailed for the purpose of executing a fraudulent scheme." 681 F.2d 406, 412 (5th Cir. 1982). DeLaughter also submits Parr v. United States, as authority that the mailings are inadequate. 363 U.S. 370, 80 S. Ct. 1171, 4 L. Ed. 2d 1277 (1960). However in Parr, the mailings which were found to be insufficient were legally required tax bills mailed by the school board without any intention and without knowledge of the tax scheme, and therefore, would have been mailed had there been no fraudulent scheme. Id. at 391, 80 S. Ct. 1171.

In response, the Government counters with Schmuck v. United States, wherein the United States Supreme Court held that mailing vehicle registrations was necessary to successfully pass title to the retail purchaser and was an integral part of Schmuck's fraudulent scheme; therefore, the mailings, though not normally fraudulent, supported a mail fraud charge. 489 U.S. 705, 715, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989). Here, the Indictment alleges that the mailings were mailed with knowledge of the scheme and with the intention of furthering it. The Indictment further alleges that had the scheme not be in place, Langston and Balducci would not have mailed their entries of appearances to the court.

DeLaughter also relies on Rule 77(d) of the Mississippi Rules of Civil Procedure, wherein the *clerk* is required to serve a *notice* of the entry of an order on a party's attorney. *See* M.R.C.P. 77(d)(emphasis added). The Court understands DeLaughter's position is that his mailing of the orders or causing them to be mailed to the Scruggs' legal team was required by Mississippi state law. Despite the contention, the Indictment alleges that the orders were mailed

7

to the Scruggs' legal team for the purpose of executing or attempting to execute the scheme and artiface to defraud.

## IV. Statue is Not Void for Vagueness

Lastly, DeLaughter asserts that if the Court concludes "that §§ 1341 and 1346 apply to Judge DeLaughter's alleged conduct as a matter of statutory interpretation, then it should hold that those statutes are void for vagueness as applied in this case." In U.S. v. Gray, university basketball coaches were convicted of violating the honest services amendment to the mail fraud statute in connection with a fraudulent scheme to establish academic eligibility for transfer students to play basketball. 96 F.3d 769 (5th Cir. 1996). The two coaches argued that the amendment was unconstitutionally vague as applied to them in that the term "honest services" gave the law enforcement too much discretion. See Gray, 96 F.3d at 776. The Fifth Circuit, in rejecting their "as applied" vagueness challenge to § 1341, found that Gray and Thomas acted willfully and with the intent to defraud the university.

As explained in Gray, the United States Supreme Court repeatedly has held that "'vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.'" Gray at 776 (*quoting* United States v. Mazurie, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975)); *see also* Chapman v. United States, 500 U.S. 453, 467, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991).

The Court is required to "take the allegations of the indictment as true." Kay, 359 F.3d at 742. The Indictment clearly sets-forth facts which support the alleged violation of the honest services amendment and state law. Further, the Indictment sufficiently alleges DeLaughter acted willfully and knew or should have known that the alleged actions, if taken as true in accordance

with Kay, were prohibited. The Court, therefore, rejects DeLaughter's void for vagueness argument.

Akin to Delaughter's motion to dismiss count one for failure to charge an offense, the Court is of the opinion that the present motion to dismiss counts two, three, and four for failure to charge an offense is also more akin to a Rule 29(a) Motion for a Judgment of Acquittal, which is properly made "after the government closes its evidence or after the close of all the evidence." *See* F.R.C.P. 29(a).

### D. Conclusion

In sum, the Court finds that Counts Two, Three, and Four of the Indictment (1) sufficiently allege a state law violation under which prosecution pursuant to Sections 1341 and 1346 may be sustained; (2) sufficiently allege conduct of bribery or that is "something close to bribery" in accordance with Fifth Circuit case law; (3) adequately rely on three mailings that were not required by law to be mailed; and (4) further, the Court rejects DeLaughter's void for vagueness argument. Accordingly, Defendant's motion to dismiss counts two, three, and four shall be denied.

A separate order in accordance with this opinion shall issue this day.
This the 18th day of May, 2009.

/s/ Glen H. Davidson
Senior Judge