UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CR 002-2 |
| v. ) | Judge Glen H. Davidson |
| ) | Magistrate Judge S. Allan Alexander |
| BOBBY B. DELAUGHTER ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DELAUGHTER'S MOTION FOR**
**INSPECTION OF THE GRAND JURY MINUTES**

Defendant, **BOBBY B. DELAUGHTER**, by and through his attorneys, **THOMAS ANTHONY DURKIN**, **JOHN D. CLINE**, and **LAWRENCE L. LITTLE,** pursuant to the Due Process and Grand Jury Clauses of the Fifth Amendment, and Rules 2 and 6(e)(3)(C)(ii) of the Federal Rules of Criminal Procedure, respectfully moves this Court for the entry of the following orders: (1) Requiring disclosure and production of the entire minutes of the proceedings before the grand jury which returned the indictment in this matter; or in the alternative; (2) Requiring production of said minutes to the Court for its *in camera* inspection so as to determine whether the decision to indict was substantially influenced by improper instructions on the law, or the product of insufficient evidence, and/or prejudicial influence on the grand jury as a result of violations of the grand jury secrecy provision of Rule 6(e); or, (3) Any other relief this Court, in the exercise of its supervisory powers, deems appropriate.

In support of this Motion, Defendant, through counsel, shows to the Court the following:

1. Counsel have filed simultaneously herewith a motion to dismiss the "honest services" mail fraud charges set forth in Counts Two, Three and Four on the grounds that these counts fail to charge a federal offense. Counsel have also filed a motion to dismiss Count One on



the same grounds. The allegations, argument and authorities set forth in those motions are respectfully incorporated herein by reference. As the motion to dismiss Counts Two, Three, and Four demonstrate in considerable detail, the government has again attempted to stretch its intangible rights mail fraud theories to create federal criminal liability in the context of patent local governmental activity – in this instance, in the realm of state court judicial ethics, heretofore the sole province of the Mississippi Judicial Performance Commission and the Mississippi Supreme Court. Nor can Count One withstand scrutiny as that motion to dismiss likewise demonstrates.

2.  In addition to the legal problems with the indictment advanced in both motions to dismiss, counsel have also filed simultaneously herewith a pleading captioned "Defendant DeLaughter's Motion For Pretrial Hearing Concerning Co-Conspirators' Statements." Like the motions to dismiss, counsel would request that the allegations and arguments set forth therein be incorporated by reference in this pleading so as to avoid redundancy. As is advanced in the request for a hearing regarding these co-conspirator declarations, however, the oral argument regarding the admissibility of the 404(b) evidence before Judge Biggers in *Scruggs I* demonstrates the shifting sands of the government's theory of prosecution in this case and, in and of itself, points out the legal confusion resulting from the government's attempt to turn state court judicial ethics issues into federal criminal liability.

3.  Further, it is quite clear from Judge Biggers' written order explaining the basis for his denial of Scruggs' Motion *In Limine*, that Judge Biggers did not find that the government's evidence amounted to a *crime* for purposes of Rule 404(b). A copy of said four page written order is attached hereto as Exhibit A. Instead, Judge Biggers ruled that the extrinsic evidence the government was offering regarding Judge DeLaughter and Ed Peters constituted a *similar act* for

2

purposes of the rule insofar as it pertained to the *Scruggs* Defendants. Exhibit A, p. 4. (Emphasis added) While Judge Biggers did explain that he believed that certain facts were substantially the same elements charged in the Scruggs' case before him, his failure to adopt the government's argument that it had, indeed, presented sufficient evidence to show a crime is noteworthy for the purpose of this motion and the relief sought. *Id.*

4. This very issue as to whether this charged conduct constitutes a federal crime rather than merely a "bad act" – or an alleged violation merely of judicial ethics as advanced in our motion to dismiss – presents the very real danger that the Grand Jury that returned this indictment was not properly instructed on the law, and that it indicted, instead, on improper bases – including, but not limited to, these erroneous instructions or prejudicial publicity created by violations of the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure.

5. This fear that the Grand Jury returned an indictment on an improper basis or was otherwise improperly influenced is, indeed, real and exacerbated by what appears to be a flagrant violation of the grand jury secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. On February 24, 2008, *The Clarion-Ledger* of Jackson ran an article in its print and on-line editions, purportedly describing the fact that, as the report stated, "Officials from the Justice Department's Public Integrity Division in Washington are investigating DeLaughter's actions in the [Wilson] case and spent last week in Mississippi interviewing witnesses." See, the aforementioned article, marked as Exhibit B, attached hereto and also made part hereof.

6. As if that were not enough of a violation of the grand jury's secrecy provisions under Rule 6(e), the article's very first sentence stated boldly, and we quote: "Circuit Judge Bobby DeLaughter has told federal authorities he became aware in 2006 that some people were trying to improperly influence him to rule in favor of Dickie Scruggs in a Hinds County legal

dispute. DeLaughter told authorities he didn't know whether he was influenced but says he's followed the law in all his rulings." Exhibit B.

7. Several serious matters concerning the propriety of the grand jury investigation, and thus the granting of the relief requested in this motion, jump from this page of *The Clarion-Ledger*. Foremost is the very question of how it is that the business of this Grand Jury made it to the front page of the paper in the first place. The answer to this question, sadly, is rather obvious. Only a government leak in violation of Rule 6(e)'s secrecy provisions could have created the basis of this story. And, upon information and belief, it is undersigned counsel's understanding that the government attorneys have acknowledged that they have investigated the source of this leak. Counsel are not privy to what the result of that investigation concluded, but it is counsel's understanding that the government made certain statements to Judge DeLaughter's previous counsel indicating that all fingers appear to point towards a leak somewhere within the government, as is almost obvious from the article in any event.

8. Second, and equally serious from the perspective of whether this Grand Jury was properly advised on the law or otherwise so tainted so as to have effectively denied Judge DeLaughter his Fifth Amendment right to be indicted by a full and fair grand jury, it is undersigned counsel's understanding that between the time of the publication of this *Clarion-Ledger* article and the return of the indictment in this matter on January 6, 2009, the Public Integrity Division of the Department of Justice abandoned this prosecution. It is undersigned counsel's understanding that at the time of the *Clarion-Ledger* article, and as so reported, the Department of Justice Public Integrity Division was in fact either leading the grand jury's investigation, or supervising the Oxford U.S. Attorney's Office. While counsel are, of course, not privy to the reasons behind why the Public Integrity Division decided not to participate

4

further with the Oxford U.S. Attorney, one might well take an educated guess based upon all the deficiencies set forth in our pleadings attacking the indictment and its legal basis.

9. Finally, counsel would submit that a good faith basis might also exist to inspect the grand jury minutes so as to determine whether any agents of the Federal Bureau of Investigation's Oxford Resident Agency testified or otherwise participated in the grand jury's investigation. Counsel would request leave to supplement this motion upon receipt of further discovery regarding this potential issue from the government.

10. As such, counsel would also submit, therefore, that this case presents one of those rare situations where this Court could, and should, exercise its supervisory powers over the conduct of the grand jury, and at least insure itself that the grand jury was not misinstructed, misused or manipulated. Defendant is mindful that review of facially valid indictments on the grounds of sufficiency of the evidence is not warranted. *United States v. Williams*, 504 U.S. 36, 112 S.Ct 1735, 118 L.Ed.2d 2352 (1992); *citing, Costello v. United States*, 350 U.S. 359 (1956). However, in light of the constitutional questions presented, and the serious irregularities raised herein, it is submitted that a serious doubt might exist with respect to whether the grand jury's very decision to indict was not influenced by erroneous instructions on the law, and, indeed, by the very improper violation of grand jury secrecy under Rule 6(e). *See, United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986 ); *The Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

11. Accordingly, counsel would request an evidentiary hearing to develop these allegations further, and that upon the conclusion of the same, ask that this Court exercise its supervisory powers and grant the relief requested.

Respectfully submitted,

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/ John D. Cline
**JOHN D. CLINE,**

/s/ Lawrence L. Little
**LAWRENCE L. LITTLE,** Attorneys for the Defendant, Bobby B. DeLaughter.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, IL 60604
(312) 913-9300
tdurkin@durkinroberts.com

**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5812
jcline@jonesday.com

**LAWRENCE L. LITTLE & ASSOCIATES, PA**
829 North Lamar Boulevard, Suite 6
Oxford, Mississippi 38655
(662) 236-9396
larry@larrylittlelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant DeLaughter's Motion For The Inspection Of Grand Jury Minutes was served on March 26, 2009, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN**
53 West Jackson Boulevard, Suite 615
Chicago, IL 60604
(312) 913-9300