UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.   CRIMINAL CASE NO. 3:09CR002

BOBBY B. DELAUGHTER

### GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITIES AND RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF 404(b) MATERIAL

Comes now the United States of America by and through the United States Attorney for the Northern District of Mississippi and in response to the "Defendant's Motion for Production of 404(b) Material" would respectfully show unto the Court as follows, to-wit:

1.

As the Court well knows, Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person or to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. (Emphasis added).

The defendant's motion acknowledges the fact that the government has already orally provided notice of its intent to introduce 404(b) evidence ". . . with respect to matters purportedly occurring in the Hinds Circuit Court case of Eaton Corp., et al, v. Robert D. Frisby, et al . . . ." Defendant's motion for production of 404(b) material, Paragraph 3. However defendant DeLaughter now seeks formal written notice. Defendant also acknowledges that the Rule only

requires notice of the <u>general</u> nature of any such evidence the government intends to offer at trial, but at the same time he seeks to require greater specificity than Rule 404(b) requires; he cites the case of <u>United States v. Charles, et al</u>, 3 F.3d 436 (5th Cir. 1993). In that unpublished Fifth Circuit opinion, government counsel denied any intention of offering 404(b) evidence until the Friday before a Monday trial, at which time the government served upon defense counsel notice of its intention to introduce two prior convictions as 404(b) evidence. The district court found that the 3 days notice was "timely" and the Fifth Circuit affirmed. In the case *sub judice* the government has for months repeated its intention to offer as 404(b) evidence the brief testimony of two witnesses, Ed Peters and Special Master Jack Dunbar. Their testimony is expected to establish that Mr. Dunbar was appointed Special Master in the Hinds County Circuit Court case of <u>Eaton v. Frisby</u>, tasked with handling discovery issues. As part of the pretrial discovery in that case, Eaton denied that it relied in part on a paid whistle blower. When it was established that in fact Eaton had relied on such a whistle blower, Special Master Dunbar recommended that Judge DeLaughter sanction Eaton and its attorneys for their intentional ethical violation.

Ed Peters is expected to testify that he was brought into the case by Eaton, not as counsel of record, but as someone who could influence Bobby DeLaughter. He is expected to testify that he recommended to Judge DeLaughter that the Court remove Jack Dunbar and find another Special Master. Ed Peters even took it upon himself to call another attorney to inquire about his availability for appointment as special master in the case, but called back to ask that his name not be mentioned. Mr. Dunbar did not hear from Judge DeLaughter regarding his recommendation of sanctions. He was simply removed from the case. For the most part, DeLaughter rejected Dunbar's Report and Recommendation. However, after DeLaughter's recusal from the case,

another Special Master, David Dogan, essentially reinstated Dunbar's "R & R", finding DeLaughter's rejection to be unsupported by the evidence. Another Circuit Judge, Judge Yerger then approved the reinstatement of Dunbar's Report and Recommendation. In short, once Eaton and its attorneys found themselves in trouble, they brought Ed Peters into the case to influence Judge DeLaughter. DeLaughter then rejected the experienced Special Master's recommendation, a ruling that Special Master David Dogan and Circuit Judge Yeager thereafter found clearly erroneous.

It is the government's position that the testimony of these witnesses will establish the *modus operandi* of DeLaughter and Peters, tending to show that the secret meetings between Peters and DeLaughter in the case of Wilson v. Scruggs were neither innocent, accidental nor subsequently misunderstood.

The government's 404(b) evidence aforesaid will be short and succinct. Both Ed Peters and Jack Dunbar will then testify regarding other matters, as well.

        Respectfully submitted,

        JIM M. GREENLEE
        United States Attorney

By:   */s/ Robert H. Norman*
      ROBERT H. NORMAN
      Assistant United States Attorney
      Mississippi Bar No. 3880

# CERTIFICATE OF SERVICE

I, ROBERT H. NORMAN, Assistant United States Attorney, hereby certify that I electronically filed the forgoing **GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITIES AND RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF 404(B) MATERIAL** with the Clerk of the Court using the UCF system which sent notification of such filing to the following:

Honorable John D. Cline
jcline@jonesday.com

Honorable Thomas Anthony Durkin
tdurkin@durkinroberts.com

Honorable Lawrence L. Little
larry@larrylittlelaw.com

This the 24th day of July, 2009.

                                    */s/ Robert H. Norman*
                                    ROBERT H. NORMAN
                                    Assistant United States Attorney